UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case No. 1:21-cr-20074

v.

                                    Honorable Thomas L. Ludington
TYRONE GRAHAM-JONES,             Magistrate Judge Patricia T. Morris

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS PHOTOGRAPHICAL EVIDENCE**

This matter is before this Court pursuant to Defendant's Motion to Suppress Photographical Evidence. ECF No. 42. Defendant was charged with one count of second-degree child abuse and one count of third-degree child abuse after his ex-girlfriend reported him for physically abusing her oldest child and took photographs of the child's injuries. Defendant seeks to suppress evidence of the photographs, alleging they were obtained in violation of the Fourth Amendment. For the reasons set forth below, Defendant's Motion to Suppress will be denied.

**I.**

According to the Government's complaint, on her way to work on November 8, 2020, Ms. Ashawnee Sprague ("Sprague") left her three children with Defendant Tyrone Calvin Graham-Jones ("Defendant") at his house. ECF No. 1 at PageID.2. The complaint also alleges that Defendant is Sprague's ex-boyfriend, the biological father of Sprague's two youngest children, and unrelated[1] to Sprague's oldest child, A.H. ECF No. 1 at PageID.2.

---

[1] Defendant alleges he is A.H.'s stepfather. ECF No. 42 at PageID.250.

The complaint states that, during the visit, A.H. yelled at his sisters because they were "stabbing him with markers," after which Defendant ran into the room, yelled in A.H.'s face, struck him in the face several times, and lifted and threw him onto the top bunk bed. *Id.* at PageID.3. The complaint continues that while A.H. was face down with his throat pressed against the bed's railing, Defendant pushed on the back of A.H.'s neck, leaving A.H. breathless. *Id.*

The complaint adds that when Sprague retrieved her children, she noticed that A.H. was "crying, upset, and had several visible injuries" on his nose, mouth, eyes, leg, arm, and neck. *Id.* at PageID.2. Defendant allegedly told Sprague that A.H. deserved to get "popped" for "bullying his sisters." *Id.* According the Government, Sprague then called the police, who "directed" her to photograph A.H.'s injuries. ECF No. 48 at PageID.282–83. Finally, the complaint states that Defendant is not a Native American and that A.H. is. ECF No. 1 at PageID.3.

## II.

On December 20, 2020, a no-contact order was issued, preventing Defendant from contacting Sprague and all three children. ECF. No. 13 at PageID.17. On February 3, 2021, Defendant was indicted for one count of both second- and third-degree child abuse, each in violation of state and federal law. ECF No. 28 at PageID.105–06.

On July 20, 2021, Defendant filed a Motion to Suppress Photographical Evidence of A.H.'s injuries. ECF No. 42. Defendant contends that, according to title II, section 2.805(a) of Saginaw Chippewa Tribal Law, only "a health care professional, social worker, or member of law enforcement" can take photographs "as part of a child abuse investigation." *Id.* at PageID.251. Defendant argues that, based on his excerpted language, the photographs Sprague took of A.H. must be suppressed because section 2.805(a) prevents victims' mothers from photographing their own child's injuries. *Id.*

But Defendant does not have standing to challenge the photographs. Moreover, Defendant's contextomy is unconvincing. Pursuant to title II, section 2.805(a) of Saginaw Chippewa Tribal Law:

> Any child health associate, person licensed to practice medicine, registered nurse or licensed practical nurse, hospital personnel engaged in the admission, examination, care or treatment of patients, medical examiner, coroner, social worker, or *local law enforcement officer* who has before him a child he reasonably believes has been abused or neglected *may take or cause to be taken* color photographs of the areas of trauma visible on the child, *without the consent of the parent*, guardian or custodian.

SAGINAW CHIPPEWA TRIBAL LAW, tit. II, § 2.805(a) (2015) (emphases added). As discussed herein, nothing in section 2.805(a) creates Defendant's proposed restriction.

### III.

Defendants may bring motions to suppress evidence only if their own Fourth Amendment rights were violated. *Alderman v. United States,* 394 U.S. 165, 171–72 (1969); *see also United States v. Payner*, 447 U.S. 727, 731–32 (1980) (finding no evidence of standing for defendant when IRS violated bank agent's Fourth Amendment rights but not defendant's). A defendant who files a motion to suppress bears the burden of proving that the challenged search or seizure violated his Fourth Amendment rights. *Rakas v. Illinois*, 439 U.S. 128, 132 (1978). To have standing, Defendant must demonstrate "a legitimate expectation of privacy in the area searched or items seized." *United States v. Mathis*, 738 F.3d 719, 729 (6th Cir. 2013). Whether a legitimate expectation of privacy exists is determined based on the totality of the circumstances. *Jones v. Lewis*, 874 F.2d 1125, 1131–32 (6th Cir. 1989). Courts determine whether a legitimate expectation of privacy exists in a particular place or thing on a case-by-case basis. *United States v. Waller*, 426 F.3d 838, 844 (6th Cir. 2005).

Defendant has no standing to challenge the photographs' admissibility because his Fourth Amendment rights were not violated.[2] The photographs are of A.H., a child to whom Defendant was merely a babysitter. *See* ECF No. 49 at PageID.286 ("Defendant is not the victim's father or even his stepfather. Defendant is merely the victim's mother's ex-boyfriend."). Defendant neither took nor possessed the photographs, which A.H.'s mother e-mailed to the police. ECF No. 42 at PageID.251. Moreover, the record does not indicate that Sprague photographed A.H.'s injuries in Defendant's home or anywhere Defendant might have had a legitimate expectation of privacy. Defendant, therefore, has no legitimate expectation of privacy in the photographs or the place where Sprague took them. Defendant's Motion to Suppress, ECF No. 42, will, therefore, be denied on this ground.

### IV.

Even if Defendant had standing to challenge the photographs, they would not be suppressed pursuant to title II, section 2.805(a) of Saginaw Chippewa Tribal Law because the ordinance (1) does not govern the admissibility of evidence in a federal criminal trial; (2) does not restrict Sprague from taking photographs of her own child; (3) authorizes police officers to cause photographs to be taken; (4) does not apply to photographs taken with parental consent; and (5) does not apply to Defendant because he is not a Native American.

First, federal, not state or tribal, law governs the photographs' admissibility. *Preston v. United States*, 376 U.S. 364, 366 (1964) ("The question whether evidence obtained by state officers and used against a defendant in a federal trial was obtained by unreasonable search and seizure is to be judged as if the search and seizure had been made by federal officers."); *see also*

---

[2] Notably, Defendant has alleged neither a Fourth Amendment violation nor that he has a legitimate expectation of privacy in the photographs or the place where they were taken.

*United States v. Hornbeck*, 118 F.3d 615, 617 (8th Cir. 1997). The appropriate standard for federal courts to determine whether a motion to suppress evidence seized by state or tribal police officers is whether the seizure violated the Fourth Amendment. *United States v. Wright*, 16 F.3d 1429, 1437 (6th Cir. 1994) (holding whether the "seizure may have violated state law is irrelevant"). Because Defendant's argument is based solely on an alleged violation of tribal law and not that the search and seizure violated the Constitution or other federal law, Defendant's argument for exclusion has no merit as a matter of law. Defendant's Motion to Suppress, ECF No. 42, will, therefore, be denied on this ground.

Second, Saginaw Chippewa Tribal Law applies only to Native Americans being tried in tribal court for violations of Saginaw Chippewa Tribal Law. SAGINAW CHIPPEWA TRIBAL LAW, tit. I, § 1.502 (2017) (stating jurisdiction extends to "[a]ny Indian, who is found within the territorial jurisdiction of [the Saginaw Chippewa Community Court], or who has allegedly committed an offence defined in this Code . . . ."). Because Defendant is not a Native American and is being tried in federal court for violations of only state and federal law, section 2.805(a) does not apply. Defendant's Motion to Suppress, ECF No. 42, will, therefore, be denied on this ground.

Third, section 2.805(a) does not prevent Sprague from photographing A.H.'s injuries. Section 2.805(a) does not limit the prospective people who may photograph victims of child abuse. Instead, section 2.805(a) creates permission for enumerated groups of people to photograph such victims without parental consent. Indeed, such permission is often necessary to protect a child who might be abused by a parent who later refuses to give consent to photograph the child's injuries. *See* § 2.101 ("The young people are the most important resource of the Saginaw Chippewa Tribe and their welfare is of paramount importance."). Put simply, by its plain language, section 2.805(a)

does not preclude the child's parent from photographing the child's injuries. Defendant's Motion to Suppress, ECF No. 42, will, therefore, be denied on this ground.

Fourth, the police officer had parental consent to photograph A.H.'s injuries. Section 2.805(a) applies only when people within its enumerated groups photograph the child "without the consent of the parent, guardian or custodian." § 2.805(a). But, as Defendant admits, "[a]ll photographs taken in this case of [A.H.], were taken by [his] mother Ms. Sprague." ECF No. 42 at PageID.251. Although the Government states that "[t]he officer directed [Sprague] to photograph the victim's injuries and e-mail the photographs to the officer," ECF No. 48 at PageID.283, nothing in the record indicates Sprague contested or opposed photographing A.H.'s injuries. Presumably, Sprague had the opportunity to deny consent but, instead, complied with the officer's request. Therefore, it is a reasonable inference that Sprague gave herself consent to photograph her own child's injuries. Thus, section 2.805(a) does not apply.

Finally, even if the police officer did not have parental consent to photograph A.H.'s injuries, he acted within his statutory authority to cause the photographs to be taken. Saginaw Chippewa Tribal Law not only requires police officers to report child abuse but also authorizes them to "take or cause to be taken color photographs of the areas of trauma visible on the child." § 2.805(a); s*ee* § 2.803(b)(17) (2015) ("Persons required to report such abuse or neglect or circumstances or conditions shall include any . . . law enforcement . . . ."); *see also* MICH. COMP. LAWS ANN., § 722.623 (2016) (requiring law enforcement to report child abuse immediately). According to the Government, the police officer "directed" A.H.'s mother to photograph A.H.'s injuries and, therefore, "caused the photographs to be taken as the code allows him to do." ECF No. 48 at PageID.283. Thus, the police officer complied with section 2.805(a)'s plain language. Defendant's Motion to Suppress, ECF No. 42, will, therefore, be denied on this additional ground.

## V.

Defendant's Motion will be denied. Defendant has no standing to challenge the photographs. Further, even if Defendant had standing, he incorrectly relied on Saginaw Chippewa Tribal Law, which does not apply to Defendant or this case. Moreover, even if tribal law applied, Defendant has cherry-picked statutory language that does not apply to the photographs.

Accordingly, it is **ORDERED** that Defendant's Motion to Suppress Photographical Evidence, ECF No. 42, is **DENIED**.

Dated: August 24, 2021                              s/Thomas L. Ludington
                                                                               THOMAS L. LUDINGTON
                                                                               United States District Judge